UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY WALLACE FERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>SOLEDAD STATE PRISON,<br><br>Respondent. | No. 2:16-cv-3013 MCE AC P<br><br><br><br>ORDER |

Petitioner has requested a sixty-day extension of time to file and serve an opposition to respondent's motion to dismiss. ECF No. 16. A response is currently due by October 27, 2017. Petitioner also states that in screening the complaint, the court failed to understand that petitioner was seeking a stay and abeyance so that he could return to state court to exhaust his unexhausted claims. Id. at 2. If petitioner seeks to stay his case while he returns to state court, he must file a separate motion for a stay. The motion must specify whether he is seeking a stay under Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

A Rhines stay is available for (1) a petition containing only unexhausted claims, or (2) a petition that is "mixed" (contains both exhausted and unexhausted claims). See Rhines, supra; see also Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). A Rhines stay preserves the federal filing date for unexhausted claims contained in the federal petition. In order to obtain a stay under Rhines, the petitioner must show that (1) good cause exists for her failure to have first

exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. Rhines, at 544 U.S. at 277-78.

Alternatively, a petitioner may seek to stay an exhausted-claims-only petition pursuant to Kelly. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Under the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under Kelly is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. Id. The Kelly stay-and-abeyance procedure does not require petitioner to demonstrate good cause or that the claims have merit. However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must "relate back" to the claims in the stayed petition or otherwise satisfy applicable timeliness requirements. In other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141.

In light of respondent's motion to dismiss, which is based in part on the ground that the petition is untimely, any motion for stay, whether brought under Rhines or Kelly, will need to explain why the claims petitioner seeks to exhaust would not be barred as untimely. Petitioner is advised that he does not require and should not wait for an order from this court to exhaust his claims in state court, and he may pursue them in state court without delay.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time (ECF No. 16) is granted; and

////

////

////

////

2. Petitioner shall have an additional sixty day, up to December 26, 2017, to file a response to respondent's motion to dismiss.

SO ORDERED.

DATED: October 24, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE