| | |
|---|---|
| CORY WALLACE FERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>SOLEDAD STATE PRISON,<br><br>Respondent. | No. 2:16-cv-3013 MCE AC P<br><br><br><br>FINDINGS & RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition as untimely and unexhausted. ECF No. 12.

I. <u>Factual and Procedural Background</u>

On October 27, 2011, petitioner was convicted of attempted murder, assault with a firearm, and possession of a firearm by a felon. ECF No. 1 at 1-2; Lod. Doc. 1. Two firearm enhancements were also found to be true. ECF No. 1 at 1; Lod. Doc. 1. Petitioner was sentenced to a determinate state prison term of nine years and four months and an indeterminate term of twenty-five years to life. ECF No. 1 at 1; Lod. Doc. 1.

A. <u>Direct Review</u>

Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District, which awarded him 592 days of custody credit and 88 days of conduct credit and

1

affirmed the judgment as modified on May 1, 2013. ECF No. 1 at 2; Lodged Doc. 2. He then petitioned for review of the Court of Appeal's decision in the California Supreme Court. ECF No. 1 at 2; Lodged Doc. 3. The California Supreme Court denied the petition for review on July 10, 2013. ECF No. 1 at 2; Lodged Doc. 4. Petitioner did not petition the United States Supreme Court for certiorari. ECF No. 1 at 3.

        B.      State Collateral Review

Petitioner indicates in the petition that he submitted a state habeas petition to the Yuba County Superior Court on October 25, 2013. ECF No. 1 at 3. However, he also states that he "never received a response" and that the result was issued October 25, 2013. Id. Later in the petition he also indicates that he does not have any other petitions or appeals pending. Id. at 31. Petitioner did not file a habeas petition in either the state court of appeal or state supreme court. Id. at 4.

        C.      Federal Petition

The instant petition was filed on December 22, 2016.[1] ECF No. 1 at 16.

II.    Motion to Dismiss

Respondent moves to dismiss the petition on the grounds that it is untimely and unexhausted. ECF No. 12. He argues that petitioner had until October 8, 2014, to file a petition in federal court and that petitioner is not entitled to any statutory tolling because he did not file any state habeas petitions. Id. at 3. Since the federal petition was not filed until December 22, 2016, it was untimely and is therefore barred. Id.

Petitioner argues that his petition is not untimely because Martinez v. Ryan, 132 S. Ct. 1309 (2011), provides that ineffective assistance of counsel on appeal serves as cause to excuse a procedural bar and because he is factually innocent.[2] ECF Nos. 20, 22.

---

[1] Because petitioner is proceeding pro se, his filing date is determined based on the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing).

[2] Petitioner filed both an opposition and a sur-reply. ECF Nos. 20, 22. Although the sur-reply was not authorized, it will nevertheless be considered.

2

In reply, respondent argues that Martinez is irrelevant to whether the petition is timely and that petitioner's claim of actual innocence is unsupported and therefore insufficient. ECF No. 21.

III. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case the California Supreme Court denied direct review of petitioner's conviction on July 10, 2013. ECF No. 1 at 2; Lod. Doc. 4. The record shows petitioner did not submit a petition for writ of certiorari to the Supreme Court of the United States (ECF No. 1 at 3), which means his conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (citations omitted); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The conviction therefore became final on October 8, 2013, and ADEPA's one-year clock began on October 9, 2013. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Absent tolling, petitioner had until October 8, 2014, to file a federal habeas corpus petition. Since the petition was not filed until December 22, 2016, the petition is untimely unless petitioner is entitled to tolling, and petitioner "bears the burden of proving that the statute of limitation was tolled," Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (citing Smith v. Duncan, 297 F.3d 809, 814, 9th Cir. 2002)).

A. Statutory Tolling

The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The "statute of limitations is not tolled

3

from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds, Carey v. Saffold, 536 U.S. 214, 225 (2002).

Respondent argues that petitioner is not entitled to statutory tolling because he did not file any petitions for state collateral review. ECF No. 12 at 2-3. While petitioner does not dispute this in his opposition, the petition indicates that he did file a state habeas petition. ECF No. 1 at 3, 31. However, while petitioner states that he filed a state habeas petition on October 25, 2013, in the Yuba County Superior Court, he does not provide a case number, states that he never received a response, and that the date of the result of the case was October 25, 2013. Id. at 3. He further indicates that he did not pursue any further state habeas petitions. Id. at 4. At most, the information provided by petitioner would entitle him to statutory tolling of a single day, which is insufficient to make his petition timely. The petition is therefore untimely unless petitioner is entitled to equitable tolling.

### B. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

/////
/////
/////
/////

Petitioner does not allege that he was subject to any extraordinary circumstances that made it impossible for him to file a timely federal habeas petition.[3] Equitable tolling is therefore not warranted.

### C. Martinez v. Ryan

In response to the motion to dismiss, petitioner argues that Martinez v. Ryan, 132 S. Ct. 1309 (2011) "provides that the ineffective assistance of counsel on appeal for failure to raise ineffective assistance of trial counsel claims would serve as 'cause' to excuse procedural bars to the hearing of these claims which are later raised in [a] federal petition for writ of habeas corpus relief and as such petitioner has a right to have these claims heard." ECF No. 20 at 1 (altered to use standard capitalization).

In Martinez, the United States Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," creating a narrow exception to the rule that ineffective assistance of counsel on collateral review did not establish cause to excuse a procedural default. 566 U.S. at 9. However, "the equitable rule in Martinez 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (citations omitted); Price v. Paramo,

---

[3] Although petitioner's response to the motion to dismiss and his sur-reply do not argue that mental incompetence made it impossible for him to file a timely federal petition (ECF Nos. 20, 22), the petition includes allegations of mental incompetence (ECF No. 1 at 32). However, petitioner does not assert that his mental incompetence made it impossible to file a timely federal petition, and instead argues that it resulted in his claims being procedurally barred in state court. Id. While mental incompetence can be an extraordinary circumstance warranting equitable tolling, even if petitioner had made such a claim, his existing allegations regarding his mental incompetence are vague and conclusory and lack any specifics regarding the period of incompetency, what mental conditions he suffered from, or how his mental conditions prevented his ability to timely file a federal petition. ECF No. 1 at 32. He has therefore failed to make "a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing" on the issue of equitable tolling. Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010).

No. 2:13-cv-2449 WBS DAD, 2014 WL 5486621, at *3, 2014 U.S. Dist. LEXIS 153604, at *7-9 (E.D. Cal. Oct. 29, 2014, adopted in full Dec. 4, 2014) (collecting California District Court cases holding same). Accordingly, although Martinez could potentially provide petitioner with an avenue for overcoming procedural default, it does nothing to make his petition timely.

### D. Actual Innocence

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386. The Supreme Court held in Schlup that a habeas petitioner who makes a "colorable claim of factual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits." 513 U.S. at 314-15. To invoke the miscarriage of justice exception to AEDPA's statute of limitations, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. McQuiggin, 569 U.S. at 386. This exception is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324

In the present case, petitioner does not introduce reliable new evidence to show a credible claim of actual innocence. In his opposition, he simply states that "any reasonable trier of facts who reads his petition will agree that petitioner[']s civil rights to a fair trial were seriously violated and that the evidence shows his factual innocence." ECF No. 20 at 1-2 (altered to use standard capitalization). In his sur-reply, he argues that the victim's original statement to the police, medical expert testimony, additional witness testimony, and police records, as well as "a

6

mere honest complete reading of the entire avai[l]able record," will show that he was factually innocent. Id. at 2-3 (altered to use standard capitalization). However, it is unclear whether any of this evidence is actually new evidence that was not presented to the court. In any case, petitioner has not provided any of this allegedly new evidence with his opposition or petition, or explained how the evidence he mentions would establish his actual innocence. In short, petitioner's claim of innocence is unsupported. Without new evidence, the actual innocence exception does not apply. Schlup, 513 U.S. at 327.

### IV. Conclusion

Because the petition was filed more than a year after AEDPA's enactment and petitioner is not entitled to tolling, the petition is untimely and the motion to dismiss should be granted. In light of the finding that the petition is untimely, the court declines to consider respondent's argument that the petition is also unexhausted.

### V. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

### VI. Plain Language Summary of this Order for a Pro Se Litigant

The petition should be denied because it was filed too late. Martinez v. Ryan, 132 S. Ct. 1309 (2011), does not excuse your petition being late and you have not submitted new evidence that shows you are actually innocent.

7

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted and petitioner's application for a writ of habeas corpus (ECF No. 1) be denied as untimely.

2. This court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: March 27, 2018.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE